HOPKINS *v.* BRYANT.

(*Nashville.* January 2d, 1887.)

DOWER. *Not allowed in land fraudulently conveyed by husband to wife.*

A widow is not entitled to dower in land fraudulently conveyed to her by her husband in his life-time, although her deed may be set aside and the land subjected to the husband's debts.

The husband did not die *seized and possessed* of such land, nor *equitable owner* thereof.

Code cited: ₰ 3244 (M. & V.) ; ₰ 2398 (T. & S.)

---

FROM FRANKLIN.

---

Appeal from Chancery Court of Franklin County. E. D. HANCOCK, Ch.

SIMMONS & CURTIS for Hopkins.

MARKS & GREGORY for Bryant.

SNODGRASS, J. Solomon Hopkins, the husband of complainant, conveyed to her, in 1871, a tract of land in Franklin County. Soon afterward a judgment creditor of Hopkins (Bryant) filed a bill against Hopkins and wife, attacking the convey-

ance for fraud, and seeking to subject the land to sale for satisfaction of his debt.

Hopkins and wife answered the bill, and insisted that the conveyance was *bona fide* and valid. Pending this suit Hopkins died. The creditor obtained a decree in the Supreme Court declaring the conveyance void as to him, and had the land sold, and bought it in satisfaction of his decree and cost.

The bill in this case is filed by the widow, seeking to have dower assigned her out of the land. The Chancellor dismissed the bill, and the Commission of Referees report in favor of affirmance of the decree. Complainant excepts.

The decree is clearly correct. Our statute provides:

"That if any person die intestate, leaving a widow, she shall be entitled to a dower in one-third part of all the lands of which her husband *died seized and possessed,* or of which he was *equitable owner.*"  New Code, § 3244.

The husband, having conveyed the land to the wife, manifestly did not die seized and possessed of it, or its equitable owner. The wife accepted the conveyance, and both she and her husband urged in defense to the creditor's suit that it was valid. As between them it was valid, and was void only as to the creditor. Had there been a surplus arising from its sale, that surplus would have belonged to the wife. She cannot, of course, claim as

owner and to be endowed because her husband was owner. Nor can she have dower of her own land.

The report of the Commission is approved, and the decree affirmed, with cost.